**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4057

RAY MICHAEL CARTER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-97-251)

Submitted: July 21, 1998

Decided: August 14, 1998

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Timothy Sullivan, Greenville, South Carolina, for Appellant.
David Calhoun Stephens, Assistant United States Attorney, Green-
ville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ray Michael Carter appeals his sentence after his conviction by jury trial of possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1994). Carter's attorney has filed a brief in accordance with Anders v. California , 386 U.S. 738 (1967), raising several issues with respect to the computation of Carter's criminal history category under U.S. Sentencing Guidelines Manual (1997), but stating that, in his view, there are no meritorious grounds for appeal. Although he was informed of his right to do so, Carter has not filed a pro se supplemental brief. We affirm.

Carter's counsel first raises the issue of whether three separate convictions, arising out of unrelated conduct, involving different victims, and occurring in different counties and states, should be treated as three distinct offenses and thus assessed criminal history points individually. We review the legal application of the Sentencing Guidelines under a de novo standard of review. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Carter contends that, because he served one ten-year concurrent sentence for all three convictions, they should only count as one conviction for purposes of assessing criminal history points. The district court did not err in treating these unrelated convictions as three separate offenses, and thus assessing criminal history points for each. See USSG § 4A1.2(a)(2) & cmt. 3 (defining "related" sentences); see also USSG § 4A1.1(a), (b).

Carter's counsel next raises the issue of whether a conviction for which a six-year term of imprisonment was imposed, and for which the district court assigned three criminal history points under USSG § 4A1.1(a), should be assessed only two points because Carter only served ten months. The district court did not err in assigning this conviction three points because "criminal history points are based on the sentence pronounced, not the length of time actually served." See USSG § 4A1.2 cmt. 2; see also USSG§§ 4A1.1(a), 4A1.2(b)(1). Likewise, we find that the district court did not err in assigning one point for a previous conviction for simple assault and battery. See USSG §§ 4A1.1(c), 4A1.2(c).

2

Finally, Carter's counsel raises the issue of whether the district court correctly assigned points for a 1996 state conviction which is currently on appeal. Because Carter was released on bond pending this appeal, we find that the district court was correct in assigning this conviction three points under USSG § 4A1.1(a), but that it erred in assigning an additional point under USSG § 4A1.1(e). See USSG § 4A1.2(l) (when execution of prior sentence is stayed pending appeal, USSG § 4A1.1(a) will apply but § 4A1.1(e) will not). However, correction of this error reduces Carter's total criminal history points from twenty-seven to twenty-six, and does not affect Carter's criminal history category of VI. See USSG Ch. 5, Pt. A.

As required by Anders, we have examined the entire record and find no other meritorious issues for appeal. Because the record discloses no reversible error, we affirm Carter's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3